J-S84009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYREE SLOCUM, | |
| Appellant | No. 180 EDA 2016 |

Appeal from the PCRA Order of December 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010405-2009

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED January 12, 2017**

Appellant, Kyree Slocum, appeals *pro se* from the order entered on December 11, 2015, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court has provided this Court with an able and well-written summary of the underlying facts and procedural posture of this appeal.  As the PCRA court explained:

> On the evening of October 28, 2008, Barry Johnson [(hereinafter "victim Johnson")] and Reubin Eason [(hereinafter "victim Eason")] each sustained fatal gunshot wounds near the 2300 block of North Marshall Street in Philadelphia.  In the hours leading up to the shooting, victim Johnson was with[:] his cousin, Travis Johnson[;] . . . a friend, Roscoe Hall[;] and[,] Hall's cousin, Chris Johnson. The men spent the day driving throughout Philadelphia in Hall's Ford Excursion. . . .
>
> After dinner, the men dropped victim Johnson off at [Appellant's] home and left.  Victim Johnson's cousin, David

* Former Justice specially assigned to the Superior Court.

Beatty [(hereinafter "Beatty")], . . . victim Eason[,] and [Appellant] were all at [Appellant's] home when victim Johnson arrived. While at [Appellant's] home, victim Johnson, victim Eason, Beatty, and [Appellant] prepared bulk quantities of drugs for individual sale. While the men were finished breaking down the drugs, Beatty left [Appellant's] home for a short time in order to deposit the drugs in a nearby "stash house." Victim Eason also briefly left [Appellant's] home. At approximately this point, Travis Johnson, Chris Johnson, and Roscoe Hall returned in the Excursion to [Appellant's] home to pick up victim Johnson.

Upon arriving at [Appellant's] home, Hall briefly entered and asked [Appellant] to tell victim Johnson that his cousins were waiting for him outside in the parked car. Approximately five to ten minutes later, victim Johnson exited [Appellant's] home and approached the Excursion. Meanwhile, victim Eason and Beatty returned from their respective outings and met on the sidewalk in front of [Appellant's] house, just several feet from the parked Excursion which had Travis Johnson, Chris Johnson, and Hall inside. [Appellant] then exited his home, approached the Excursion, and peered inside. Victim Johnson and [Appellant] then had a brief conversation which culminated in [Appellant] exclaiming, "this shit is fucked up!" [Appellant] then briefly went back inside his home, return[ed] with a .40 caliber Smith and Wesson firearm[, and] fired numerous times at both victims as well as at the men in the Excursion.

The three men in the car saw victim Eason and victim Johnson fall to the ground; the two had sustained gunshot wounds. Victim Johnson suffered a single, fatal gunshot wound to the head. Victim Eason suffered three gunshot wounds, including a fatal shot to the head. Finally, Christopher Johnson suffered a single, non-fatal gunshot wound to the back as he was fleeing from [Appellant].

Having heard the gunshots, a nearby resident called police when he found an unidentified gun in his backyard. At trial, Beatty confirmed that this was the .40 caliber Smith and Wesson weapon he knew [belonged to Appellant]. Investigators found [11] fired cartridge cases on the 2300 block of North Marshall Street, all of which matched the gun

that was recovered. [Appellant] fled and was eventually located in Egypt and, on June 18, 2009, [Appellant] was brought back to Philadelphia.

. . .

On May 25, 2011, following a capital jury trial[, Appellant] was convicted of two counts of first-degree murder [], one count of attempted murder [], and one count of possessing instruments of crime[].[1] On May 26, 2011, at the conclusion of the penalty phase, the jury returned a sentence of life on each first-degree murder charge. [The trial court] then imposed those mandatory sentences on [Appellant].

. . . [Appellant] filed a timely notice of appeal to the Superior Court. On June 19, 2012, the Superior Court affirmed [Appellant's] judgment of sentence, and on October 31, 2013, our Supreme Court denied [Appellant's] petition for allowance of appeal.

[Appellant] filed a *pro se* PCRA petition on February 4, 2013. Counsel was appointed[] and [appointed counsel petitioned for permission to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. Having reviewed the pleadings and conducted an independent review, [on August 28, 2015, the PCRA] court sent [Appellant] notice of its intent to dismiss [Appellant's] PCRA petition without a hearing pursuant to [Pennsylvania Rule of Criminal Procedure] 907. . . . On September 8, 2015, [Appellant] filed a request for an extension of time to respond to [the] court's [Rule] 907 notice, which [the PCRA] court granted. [Appellant] responded on November 17, 2015. Having reviewed [Appellant's] response, [the PCRA] court nevertheless dismissed [Appellant's] PCRA petition on December 11, 2015, and permitted counsel to withdraw.

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 901, and 907, respectively.

PCRA Court Opinion, 5/4/16, at 1-4 (internal citations and footnotes omitted) (some internal capitalization omitted).

Appellant filed a timely, *pro se* notice of appeal and now raises the following claims to this Court:

> 1) [The PCRA] court erred in accepting PCRA counsel's no-merit letter, and PCRA counsel was ineffective for failing to go beyond the claims presented and conduct an extra-record investigation.
>
> 2) PCRA counsel was ineffective in failing to advance [Appellant's] claim that trial counsel failed to meaningfully consult with him prior to trial. [The PCRA] court erred in accepting PCRA counsel's assertion of no merit with respect to this claim.
>
> 3) PCRA counsel was ineffective in failing to better articulate the claim [Appellant] presented for review regarding David Beatty. [The PCRA] court erred in accepting PCRA counsel's no merit letter.
>
> 4) PCRA counsel was ineffective in failing to investigate the law governing [Appellant's] claims and better articulate [Appellant's] claims regarding Detective Ronald Dove. [The PCRA] court erred in accepting PCRA counsel's no merit letter.

Appellant's Brief at 6.

We reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able PCRA court judge, the Honorable M. Theresa Sarmina. We conclude that there has been no error in this case and that Judge Sarmina's opinion, entered on May 4, 2016, meticulously and accurately disposes of Appellant's issues on appeal. Therefore, we affirm on the basis of Judge Sarmina's opinion and adopt it as

our own. In any future filings with this or any other court addressing this ruling, the filing party shall attach a copy of the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017